# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TEXAS

# MARSHALL DIVISION

| | | |
|---|---|---|
| JUNIPER NETWORKS, INC., | § | |
| vs. | § | CIVIL ACTION NO. 2:05-CV-479 |
| TOSHIBA AMERICA INFORMATION | § | |
| SYSTEMS, INC. ET AL. | § | |

## ORDER

Pending before the court is the plaintiff's renewed motion to compel (#121). The defendants have responded, essentially asserting that they have produced all information relevant to this case that is within their custody and control. Nevertheless, the plaintiff urges that the production appears largely deficient, and supports its allegations with deposition testimony from Toshiba's 30(b)(6) witness (Mr. Norimasa Nakamura) that reveals deficiencies in the defendant's efforts to search for and produce relevant documents. The court issues this order to clarify that the documents identified within the plaintiff's motion are within the scope of discoverable information in this case. Accordingly, the court grants the plaintiff's renewed motion to compel and orders the defendants to undertake a diligent search for the following documents and to produce any such documents, as are within the defendant's custody and control, within ten (10) days.

1. Documents relating to hardware description language (HDL) for the accused products and systems.

2. Synthesized netlist documents for the accused products and systems.

3. Documents regarding block-level, gate-level, and transistor-level schematics for the accused products and systems.

4. DRAM specifications for the accused products and systems.

5. DRAM timing sheets for the accused products and systems.

6. Documents regarding SPD chips that relate to the accused products and systems.

7. Documents regarding memory maps that relate to the accused products and systems.

8. Documents regarding the purchase specifications for the accused laptops.

9. Documents regarding non-technical support for the accused products and systems.

10. Documents regarding tests performed on the accused laptops.

11. Documents regarding employee training that relate to any accused laptops.

12. All patent license agreements that relate to any accused laptop.

13. Documents relating to Toshiba's awareness of the '924 patent prior to the initiation of this lawsuit.

14. Source documents used to prepare Exhibit 113 (Toshiba's Financial Summary), and any documents generated while performing the analysis contained in Exhibit 113.

15. All technical documents relating to the Cello memory controller.

The defendants are ordered to produce documents in their possession, custody or control. Within ten (10) days, the defendant shall file a sworn statement with the court describing 1) any search conducted to assure compliance with this order, and 2) the documents that were produced in response to this order. At this time, the record will not allow the court to conclude that all relevant low-level technical documents are in the possession, custody or control of the defendants. Accordingly, the court orders both sides to serve subpoenas to any third party believed to be in the possession of relevant, low-level technical documents. Such subpoenas shall be served within three (3) days from the date of this order.

SIGNED this 11th day of June, 2007.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE